IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00509-PAB

CAROL DAVY,

    Plaintiff,

v.

JUDGE ROBERT RAND, in his official capacity as Larimer County Court Judge, CLIFFORD REIDEL, in his official capacity as District Attorney for Larimer County, and JOHN HICKENLOOPER, in his official capacity as Governor of the State of Colorado,

    Defendants.

## ORDER

    This matter is before the Court on the Motion for Expedited Preliminary Injunction and Declaratory Relief [Docket No. 2] filed by plaintiff Carol Davy, a defendant in a state criminal case.  Ms. Davy seeks an order from this Court enjoining her pending state criminal prosecution.

    Ms. Davy is scheduled for trial on April 9, 2013 in Case No. 2012M1727 in the County Court for Larimer County, Colorado.  Docket No. 1 at 10, ¶ 19.  She is charged with harassment under Colo. Rev. Stat. § 18-9-111(1)(b) and Colo. Rev. Stat. § 18-9-111(1)(c).  Docket No. 1 at 5, ¶ 11.  Each of these charges is a misdemeanor under Colorado law.

    To obtain a preliminary injunction, Ms. Davy must demonstrate four factors: "(1) a likelihood of success on the merits; (2) a likelihood that [he] will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [his]

favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court ruled that a district court's injunction of a pending state court criminal prosecution violated "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Id*. at 41. After *Younger*, even when a federal court would otherwise have jurisdiction to grant equitable relief, the court must abstain from exercising jurisdiction when a judgment on the claim would interfere with ongoing state proceedings. *D.L v. Unified Sch. Dist.*, 392 F.3d 1223, 1227-28 (10th Cir. 2004). Abstention means that a court will dismiss the claim without prejudice. The Supreme Court has established a threefold analysis for abstention under *Younger*. A federal court must abstain if (1) there is an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) in which there is an adequate opportunity to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431-32 (1982). *Younger* abstention is not discretionary. *D.L.,* 392 F.3d at 1228.

Applying this analysis to the present case, it is clear that Ms. Davy's motion for a preliminary injunction runs afoul of *Younger*. As noted above, there are currently ongoing state criminal proceedings against Ms. Davy. The ongoing criminal proceedings involve violations of Colorado laws, which the State of Colorado has an

obvious interest in enforcing.  *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (noting that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing *Younger*, 401 U.S. at 44-45).  Finally, Ms. Davy has failed to show that she lacks an adequate opportunity to raise her constitutional challenges in the state proceedings.  In fact, Ms. Davy has already raised constitutional challenges to the criminal statute in that case, Docket No. 2-2, and does not allege that she will be restricted from raising these issues again at trial.

Notwithstanding abstention principles, *Younger* authorizes federal courts to enjoin a pending state criminal prosecution provided that the prosecution was (1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstances creating a threat of "irreparable injury" both great and immediate.  *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995).  Ms. Davy also fails to meet this test.

To satisfy a showing of bad faith or harassment, Ms. Davy must show that she has faced a "substantial number of prosecutions and that a reasonable prosecutor would not have brought such multiple charges under similar circumstances." *Phelps*, 59 F.3d at 1066.  Ms. Davy alleges that the deputy district attorney assigned to her case "has previously prosecuted, personally, Ms. Davy for Harassment by Obscenity, and *lost*, after a jury trial."  Docket No. 2-1 at 3 (emphasis in original).  However, Ms. Davy does not indicate how many times the deputy district attorney previously prosecuted her.  Thus, she has not satisfied her heavy burden of showing harassment

through oppressive prosecution. *Phelps*, 59 F.3d at 1066 ("[w]hile the threshold test does not require a specific number of prosecutions, it is clear that the number of prosecutions must reach an oppressive level") (citation omitted).

To show that the harassment statute is unconstitutional, Ms. Davy must show that the statute is "'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53-54. In order to satisfy this part of the analysis, Ms. Davy must show that the harassment statute is unconstitutional on its face, and not as applied to her. *Id*. at 54 ("It is sufficient . . . to hold, as we do, that the possible unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good-faith attempts to enforce it"). Ms. Davy has not justified this narrow exception because she has not shown that the harassment statute is flagrantly violative of constitutional principles. *See also New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 367 (1989) ("[w]e cannot conclusively say it is [unconstitutional] without further factual inquiry - and what requires further factual inquiry can hardly be deemed 'flagrantly' unlawful for purposes of a threshold abstention determination").

Finally, Ms. Davy does not allege any facts that indicate that she will suffer great and immediate irreparable harm if the Court fails to intervene in the ongoing state criminal proceedings. The fact that Ms. Davy will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish such harm. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977); *Capps v. Sullivan*,

13 F.3d 350, 352-53 (10th Cir. 1993) ("In general, the constitutional violation must be such that it cannot be remedied by another trial, or other exceptional circumstances exist such that the holding of a new trial would be unjust").  Moreover, the possibility that the state trial court has adopted an unconstitutional interpretation of the harassment statute does not constitute irreparable harm.  *Dombroski v. Pfister*, 380 U.S. 479, 484-85 (1965) ("the mere possibility of erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings").  If Ms. Davy ultimately is convicted in state court and she believes that her federal constitutional rights were violated in obtaining that conviction, she may pursue her claims on direct appeal and, if that proves unsuccessful, in federal court by filing an application for a writ of habeas corpus.  It is clear that, given the abstention principle referred to above, Ms. Davy's motion for a preliminary injunction is improper.

The next question the Court addresses is whether the Court should abstain from the entirety of this case.  The Introduction section of plaintiff's complaint indicates that Ms. Davy seeks relief in two forms – an injunction against the state criminal proceedings and attorney's fees and costs pursuant to 42 U.S.C. § 1988.  Docket No. 1 at 2.  Plaintiff's § 1983 claim and her prayer for relief seek a declaration that defendants' actions violate plaintiff's First and Sixth Amendment rights and that the Colorado harassment statute is unconstitutional.  *Id*. at 11-14.  The complaint is fairly read not as a means of compensating her for an injury she has sustained due to the prosecution (other than for incurred attorney's fees and costs), but rather as a means of derailing the pending state criminal case, whether by injunction or declaration.  As a

result, no portion of the complaint survives a *Younger* analysis.  Accordingly, the Court will abstain from exercising jurisdiction over Ms. Davy's complaint, which will be dismissed without prejudice.  *See Wideman v. Colo.,* 242 F. App'x 611, 615 (10th Cir. 2007) ("[b]ecause dismissals based upon the *Rooker-Feldman* and *Younger* abstention doctrines are jurisdictional, they should be entered without prejudice).

For the foregoing reasons, it is

**ORDERED** that the Motion for Expedited Preliminary Injunction and Declaratory Relief [Docket No. 2] is **DENIED**.  It is further

**ORDERED** that plaintiff's complaint is dismissed without prejudice.

DATED March 1, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge